**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SIMEON BOZIC,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 17-1810** |
| | : | |
| **ROBERT GILMORE**, *et al.*, | : | |
| **Respondents.** | : | |

## O R D E R

Pennsylvania inmate Simeon Bozic petitions for habeas relief.  (Doc. No. 6); 28 U.S.C. § 2254.  He filed his Petition *pro se* and then obtained counsel.  (See Doc. No. 74.)  He also requests *pro se* an evidentiary hearing.  (Doc. No. 68.)  I will deny habeas relief without conducting a hearing.

### I.    BACKGROUND

On November 20, 2007, a Philadelphia jury found Bozic guilty of first-degree murder, robbery, arson, possession of an instrument of crime and conspiracy in the beating and stabbing death of Asia Adams, and the subsequent burning down of her home.  (Doc. No. 6 at 1); Commonwealth v. Bozic, 997 A.2d 1211, 1215 (Pa. Super. Ct. 2010) [Direct Appeal] (quoting Commonwealth v. Bozic, No. CP-51-CR-0107651-2005, at 2-3 (Phila. Ct. C.P. Jan. 8, 2009)). Bozic was sentenced to life without parole for the murder, and a concurrent 20-to-40-year imprisonment term on the remaining charges.  (Doc. No. 6 at 1.)

After the Superior Court affirmed Bozic's judgment of sentence, the Supreme Court denied allocatur.  Direct Appeal, 997 A.2d at 1230; Commonwealth v. Bozic, 13 A.3d 474 (Pa. 2010).  He also unsuccessfully petitioned for certiorari.  Bozic v. Pennsylvania, 563 U.S. 1025 (2011).  Bozic was represented throughout.  See Direct Appeal, 997 A.2d 1211.

On January 31, 2012, Bozic filed a *pro se* PCRA petition, and was appointed counsel.

1

<u>Commonwealth v. Bozic</u>, No. 952 EDA 2015, CP-51-CR-0107651-2005, at 2 (Phila. Ct. C.P. Dec. 12, 2015) [<u>PCRA Denial</u>]; <u>Commonwealth v. Bozic</u>, No. 952 EDA 2015, 2016 WL 5539985, at *1 (Pa. Super. Ct. Aug. 29, 2016) [<u>PCRA Denial Appeal</u>].  His appointed counsel was then permitted to withdraw because Bozic had retained attorney Daniel Silverman.  <u>PCRA Denial</u> at 1-2.  Bozic, through Silverman, filed an Amended Petition on January 4, 2013.  <u>Id.</u> at 2. The PCRA Court dismissed his Petition without a hearing.  <u>Id.</u>

Bozic unsuccessfully appealed to the Superior Court.  <u>PCRA Denial Appeal</u>, 2016 WL 5539985, at *1.  In October 2016, Bozic sought allocatur, and also moved to have Silverman removed and to proceed *pro se*.  (Doc. No. 45 Ex. M.)  The Supreme Court denied allocatur on January 10, 2017.  <u>Commonwealth v. Bozic</u>, 165 A.3d 874 (Pa. 2017).  Bozic did not seek certiorari.

On March 16, 2017, Bozic sought Section 2254 relief in the Western District of Pennsylvania.  (Doc. No. 1).  He there identified one ground he pursued on direct appeal: that the verdict was against the weight of the evidence.  (Doc. No. 1 at 2); <u>see also</u> <u>Direct Appeal</u>, 997 A.2d at 1223.  He also stated:

> I cannot identify the other grounds because PCRA counsel Daniel Silverman is in custody of my complete file which includes my Direct Appeal Brief.  He told me that if I get a habeas corpus lawyer that he will surrender the file to him or her.  I do not waive any potential grounds raised in that brief.  I am in need of the appointment of counsel to retain copies of these necessary documents.

(Doc. No. 1 at 2.)

The Western District transferred his *pro se* Petition to this Court on April 19, 2017, and his case was assigned to Judge Edward Smith (late of this Court), who ordered Bozic be provided with this District's standard Petition form on May 1, 2017.  (<u>See</u> Doc. Nos. 1, 2.)  On May 15, 2017, Bozic submitted a revised Petition on this form, asserting 11 grounds for relief,

again stating that he was unsure what grounds he had presented on direct appeal because "PCRA counsel has my direct appeal brief and told me when I get another lawyer he will surrender the file to her." (Doc. No. 6 at 2, 6-30.) He further stated that "I do not waive any potential grounds in that brief" and requested appointed counsel. (Id. at 2.)

On May 30, 2017, he wrote to Silverman from prison, requesting his case file and stating that "[t]ime is of the essence." (Doc. No. 45 Ex. V.) Silverman replied on June 5, 2017, complaining that Bozic had "forgotten" how hard counsel "fought" for him, including submitting "highly professional pleadings." (Id. Ex. W.) He demanded $100 "to cover anticipated postage and the cost of [his] time." (Id.) Silverman also wrote that Bozic could have a family member "retrieve [the files] at their convenience, which will save you much money." (Id.) Over six months later, on January 9, 2018, Bozic sent Silverman the $100. (Id. Ex. X.) Silverman mailed Bozic his case files ten days later. (Id. at 75.)

On March 10, 2018, Bozic supplemented his Petition with three additional grounds for relief: (1) that there was insufficient evidence to convict him (Ground Twelve), (2) that he was deprived of due process by the trial court's failure to grant a mistrial after his co-defendant prevented defense witness April Strode from testifying (Ground Thirteen), and (3) that the prosecutor's closing argument was unduly prejudicial (Ground Fourteen). (Doc. No. 33 at 11-26.)

On June 28, 2019, Judge Carol Sandra Moore Wells recommended denying the Petition. (Doc. No. 61.) Bozic filed Objections on July 17, 2019. (Doc. No. 65.) Bozic obtained pro bono counsel on March 30, 2020, and filed Amended Objections on June 26, 2020. (Doc. Nos. 74, 80.) After three years passed, this matter was reassigned to Judge Gene Pratter (late of this Court), and then reassigned to me in May 2024. (Doc. Nos. 81, 82.) The Commonwealth

3

responded to Bozic's Amended Objections on November 20, 2024, and Bozic filed a Reply. (Doc. Nos. 86, 89.)  The matter is fully briefed.

## II.    LEGAL STANDARDS

In reviewing a Magistrate Judge's Report and Recommendation, I must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations.  Id.  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 amendment; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (district court must "afford some level of review" when no objections have been made).

The Antiterrorism and Effective Death Penalty Act imposes a one-year filing clock from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A)-(D).  This deadline is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending."  Id. § 2244(d)(2).  Each ground for relief must be independently evaluated for timeliness.  Fielder v. Varner, 379 F.3d 113, 117-18 (3d Cir. 2004).

A Section 2254 petitioner must first exhaust available remedies in state court.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)).  When a claim is adjudicated on the merits in state court, a federal court may not grant habeas relief unless the adjudication is: (1) "contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

If the state court did not address a claim on the merits because of a procedural bar, that claim is procedurally defaulted.  See Harris v. Reed, 489 U.S. 255, 262-63 (1989).  A claim is also procedurally defaulted if the petitioner failed to exhaust, and the state courts would not have considered the claim because of a state procedural rule.  Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  A federal court may not review a procedurally defaulted claim unless the petitioner demonstrates: (1) cause for the default, and (2) actual prejudice resulting from a violation of federal law, or a "fundamental miscarriage of justice" because of the procedural bar. Id. at 750.

For ineffective assistance of counsel, a petitioner must show that: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial."  Id. at 687.

### III.    DISCUSSION

Bozic raises two Objections to Judge Wells' Report.  (See Doc. No. 80.)

#### A.    Objection #1

Bozic challenges Judge Wells' determination that Grounds Twelve, Thirteen, and

Fourteen included in his Petition Supplement are time-barred. (Doc. No. 33; Doc. No. 61 at 8-11; Doc. No. 80 at 1-7.) Although he acknowledges that his Petition Supplement was untimely filed, Bozic argues that he is entitled to equitable tolling because his PCRA counsel, Silverman, refused to give him his case files without a fee. (Doc. No. 45 Ex. W; Doc. No. 80 at 2-7.) The Commonwealth argues that (1) Bozic is not entitled to equitable tolling; and (2) even if equitable tolling applies, these claims are without merit. (Doc. No. 86 at 7-13.) I agree that Bozic is not entitled to equitable tolling, and that his claims are meritless.

### 1.    Equitable Tolling

Equitable tolling is a "judicially crafted exception" to AEDPA's one-year filing clock. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); see also Holland v. Florida, 560 U.S. 631, 635 (2010). There are "two general requirements for equitable tolling: (1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" Merritt, 326 F.3d at 168 (alteration in original) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). An "extraordinary circumstance" can involve "an attorney's failure to satisfy professional standards of care" in representing his client. See Holland, 560 U.S. at 649.

After his conviction became final on May 31, 2011—when certiorari was denied—Bozic's AEDPA one-year filing clock began to run. 28 U.S.C. § 2244(d)(1)(A). Bozic filed his PCRA appeal on January 31, 2012, statutorily tolling the AEDPA deadline. Id. § 2244(d)(2). When the Pennsylvania Supreme Court denied allocatur on January 10, 2017, the AEDPA clock began to run again, with 120 days remaining. Bozic, 165 A.3d 874; Lawrence v. Florida, 549 U.S. 327, 332-36 (2007) (statutory tolling ceases upon the state's highest court review denial). Bozic's May 30, 2017 letter to Silverman requesting his files falls outside the AEDPA deadline

6

by 20 days.  (See Doc. No. 1 at 1; Doc. No. 45 Ex. V); § 2244(d).  His Petition Supplement was 304 days late.  (See Doc. No. 33 at 26.)

Bozic contends that Silverman's $100 demand to send his case file constitutes an "extraordinary circumstance" for equitable tolling.  (Doc. No. 80 at 2-5); see also Holland, 560 U.S. at 649.  As Bozic notes, Silverman's conduct runs counter to ABA Criminal Justice Standards.  (Doc. No. 80 at 3-4.)  Moreover, Silverman responded unprofessionally—accusing Bozic of failing to appreciate him and his efforts before demanding payment for Bozic's files— to a straightforward request from a former client.  (Doc. No. 45 Exs. V, W.)  Nonetheless, Bozic must also have exercised "reasonable diligence" in bringing his claims.  Merritt, 326 F.3d at 168. The diligence obligation "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies."  Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (quoting LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005)).  "[W]hether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case."  Id.

In these circumstances, I do not agree that Bozic exercised reasonable diligence, even if Silverman's demand constituted an "extraordinary circumstance."  See Holland, 560 U.S. at 649. In Holland v. Florida, the petitioner repeatedly wrote and called his attorney to ensure that his habeas petition would be timely filed—communications the lawyer ignored.  Id. at 636-42. Moreover, the petitioner diligently sought the information he needed from the court itself when counsel failed to communicate with him.  See id. at 636-37.  Bozic's efforts were weak in comparison.

First, had Bozic received his file from Silverman immediately following the May 30,

2017 letter, any supplement he filed would have still been untimely.  See 42 U.S.C. § 2244(d)(1). Although Bozic states that Silverman refused to send the files unless he received payment, Bozic provides no documentation of such an exchange before the May 30, 2017 letter.  (See Doc. No. 45 at 76, Ex. V; Doc. No. 80 at 3-4.)

Moreover, after Silverman's response to the May 30, 2017 letter, Bozic apparently ignored the matter for another six months.  (Doc. No. 45 Ex. X.)  Bozic contends this was because neither he nor his family could afford to pay the demanded $100, and that despite Silverman's offer to give the files to a family member, family members are not permitted to send "packages and boxes" to him in prison.  (Id. at 74-75.)  Yet, Bozic needed only to identify the issues he raised on direct appeal.  (Doc. No. 1 at 2; Doc. No. 6 at 2.)  It is unclear he made any effort—other than his two letters, six months apart, to Silverman—to obtain that information. (Doc. No. 45 Exs. V, X.)

Accordingly, Bozic did not exercise reasonable diligence in bringing his Petition Supplement claims, and he does not qualify for equitable tolling.  See Merritt, 326 F.3d at 168.

## 2.    Merit

In the alternative, I conclude that Grounds Twelve, Thirteen, and Fourteen are without merit.

First, Bozic's trial evidence sufficiency claim (Ground Twelve) is unexhausted and procedurally defaulted because on direct appeal he challenged only the weight of the evidence. See Direct Appeal, 997 A.2d at 1223 ("Herein, Appellant raises the following issues for our review: I. WHETHER THE GUILTY VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE?").  Bozic argues that in his Allocatur Petition, he challenges both weight and sufficiency of the trial evidence.  (See Doc. No. 45 at 73.)  Yet, that presentation of the claim is

not enough to exhaust.  See Marra v. Larkins, 46 F. App'x 83, 92 (3d Cir. 2002) ("[T]he state appellate courts must reach the merits of the federal claim at some point."); Castille v. Peoples, 489 U.S. 346, 349-51 (2007) ("Raising the claim in such a fashion [for the first time in a discretionary petition] does not, for the relevant purpose, constitute 'fair presentation.'"). Because no state court reached the merits of Bozic's sufficiency claim, Ground Twelve is unexhausted and thus now procedurally defaulted.  See Coleman, 501 U.S. at 735 n.1.

Grounds Thirteen and Fourteen were adjudicated on the merits in state court and the adjudication was "not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

The failure of the trial court to grant Bozic a mistrial (Ground Thirteen) does not rise to the level of a due process violation.  See Glenn v. Wynder, 743 F.3d 402, 407 (3d Cir. 2014) ("To prevail on his due process claim, [petitioner] must prove that he was deprived of 'fundamental elements of fairness in [his] criminal trial.'" (second alteration in original) (quoting Riggins v. Nevada, 504 U.S. 127, 149 (1992))).  The Superior Court ruled that the trial court did not abuse its discretion in refusing a mistrial when Bozic's duress defense witness April Strode was dissuaded by his co-defendant Thomas Strode from testifying.  Direct Appeal, 997 A.2d at 1225-27.  As Bozic acknowledges, April Strode would have testified "about her own fear, [Thomas] Strode's general behavior and ability to manipulate those around him, and the fact that [he] was known to carry a knife."  (Doc. No. 89 at 7.)   Such evidence would have been cumulative, showing that Bozic's co-defendant was violent and dangerous.  See Direct Appeal, 997 A.2d at 1226 ("The jury thus heard multiple sources portray Thomas Strode in this bad light

with respect to the women in his life."). Accordingly, the failure to declare a mistrial does not rise to the level of fundamental unfairness. Glenn, 743 F.3d at 407 ("In order to satisfy due process, [petitioner's] trial must have been fair; it need not have been perfect.").

Nor does the prosecutor's closing argument (Ground Fourteen) rise to the level of a due process violation. See United States v. Basley, No. 05-619-2, 2013 U.S. Dist. LEXIS 159770, at *10 (E.D. Pa. Nov. 7, 2013) ("A prosecutor may not make comments in closing argument that 'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" (quoting Darden v. Wainwright, 477 U.S. 168, 179-81 (1986))). The trial prosecutor briefly remarked that "that Asia saw something so horrible that [Bozic and his co-defendant] were 'freaked out' at what she saw" and thus attacked her. (Doc. No. 33 at 23 (quoting Trial Tr. vol. 4 97:15-21, Commonwealth v. Bozic, No. CP-51-CR-107651-2005 (Phila. Ct. C.P. Nov. 16, 2007)). Bozic argues that the prosecutor was, without evidence, "alluding that Asia walked in on some type of homosexual encounter," and that "[t]he prosecution's portrayal of Mr. Bozic as his [co-defendant's] lover was an overt emotional appeal improperly designed to inflame the jury." (Doc. No. 33 at 23-24; Doc. No. 89 at 9.)

The Superior Court found that "the prosecution's suggestion of scenarios" was "not only a reasonable inference made from the physical evidence of the case, but also not so protracted or explicit as to inflame the jury to substitute passion for objectivity." Direct Appeal, 997 A.2d at 1229. Moreover, courts have not found "an ambiguous, isolated comment by a prosecutor" enough "to render an entire trial unfair." See Choi Chun Lam v. Kelchner, 304 F.3d 256, 272 (3d Cir. 2002) (citing Donnelly v. DeChristophoro, 416 U.S. 637, 645 (1974)). Accordingly, the prosecutor's brief, vague remark does not rise to a due process violation. Id.

In sum, the Superior Court's rejection of Grounds Thirteen and Fourteen was "not

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

Because Bozic does not qualify for equitable tolling for the filing of his Petition Supplement and, in the alternative, Grounds Twelve, Thirteen, and Fourteen are meritless, I will overrule this Objection.

### B.    Objection #2

Bozic challenges Judge Wells' determination that Ground Seven is meritless.  (Doc. No. 80 at 7-21.)  Bozic there urged that the PCRA court unreasonably applied Strickland in finding that he was not "denied effective assistance of counsel . . . when [1] trial counsel failed to investigate and present additional evidence necessary to make out either the complete defense of duress or the defense of lack of malice and [2] when direct appeal counsel failed to preserve the claim that the trial court erred in preventing the jury from hearing other evidence in this regard that trial counsel did uncover."  (Doc. No. 6 at 25); see also Strickland, 466 U.S. at 687.  I agree with Judge Wells.

As Judge Wells notes, Bozic put on a duress defense at trial.  (Doc. No. 61 at 23.)  He contends that trial counsel should have called additional witnesses he provided to testify about his fear of Strode.  (Doc. No. 61 at 23; Doc. No. 80 at 16-18.)  The state courts rejected this claim, determining that trial counsel was justified in not investigating "additional evidence of duress," given all the evidence adduced at trial that refuted duress.  (Doc. No. 61 at 24); PCRA Denial at 5-7; PCRA Denial Appeal, 2016 WL 5539985, at *4-5; see also United States v. Brown, No. 04-532, 2011 U.S. Dist. LEXIS 117617, at *10 (E.D. Pa. Oct. 12, 2011) ("The

decision of whether to interview and call a particular witness is generally a strategic choice made by counsel and is entitled to a 'heavy measure of deference.'" (quoting <u>Strickland</u>, 466 U.S. at 691))).  Although Bozic argues that his counsel "was unsure of how to explain Mr. Bozic's fear to the jury" in the context of refuting malice and that his duress defense was "half-hearted," he does not make out why counsel's failure to call additional witnesses was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." (<u>See</u> Doc. No. 80 at 14-18); <u>Strickland</u>, 466 U.S. at 687.

Moreover, I agree with Judge Wells that "in light of the overwhelming evidence that refuted duress and established his guilt, Petitioner cannot demonstrate that he was in any way prejudiced." (Doc. No. 61 at 24-25.)  Similarly, if trial counsel was not ineffective, appellate counsel cannot be ineffective "for choosing not to pursue that [unmeritorious] claim." (<u>Id.</u> at 25 (citing <u>Johnson v. Tennis</u>, 549 F.3d 296, 302 (3d Cir. 2008)).  Accordingly, the state courts reasonably rejected this claim, and I will overrule this Objection.

## IV.    CONCLUSION

For the reasons I have discussed, I will adopt Judge Wells' Report and Recommendation (Doc. No. 61), and deny and dismiss Bozic's habeas petition (Doc. No. 6).  A certificate of appealability will not issue because Bozic has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists determine my assessment debatable or wrong.

                    *                    *                    *

**AND NOW**, this 8th day of April, 2025, it is hereby **ORDERED** that

1.      Petitioner's Amended Objections (Doc. No. 80) are **OVERRULED.**

2.      Judge Wells' Report and Recommendation (Doc. No. 61) is **APPROVED and ADOPTED.**

3.      Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 6) is **DENIED with prejudice**.

4.      Petitioner's Motion for an Evidentiary Hearing (Doc. No. 68) is **DENIED**.

5.      There are no grounds on which to issue a certificate of appealability.

6.      The **CLERK of the COURT shall CLOSE** this case for statistical purposes.

                                        **AND IT IS SO ORDERED.**


                                        */s/ Paul S. Diamond*
                                        _____
                                        Paul S. Diamond, J.